IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:11-cv-00941 |
| REAL PROPERTY AND IMPROVEMENTS AT 6810 AVENUE L, HOUSTON, TEXAS 77011, AND 6816 AVENUE L, HOUSTON, TEXAS 77011, | § § § § § § | |
| Defendants. | § § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case was tried to the bench on April 23-25, 2012. Having heard the evidence at trial, and having had the benefit of the parties' arguments and post-trial briefs, the Court finds and concludes as follows:

### Findings of Fact

1. Silvana Villanueva ("Claimant") is the record title owner of four adjoining properties in Houston, Texas: 6810 Avenue L, 6816 Avenue L, 6807 Avenue K, and 6815 Avenue K. The fences in the backyards of the four properties have gates which allow for ease of access to each of the four adjoining properties. Document No. 27; Pl.'s Ex. 6.

2. Two of the four properties are the subject of this civil forfeiture action: 6810 Avenue L and 6816 Avenue L ("defendant properties"). Claimant denies that both properties are subject to forfeiture. Document Nos. 14 & 15.

3. 6810 Avenue L, Houston, Texas 77011, one of the properties subject to forfeiture, is a two story, four-unit apartment complex with two upstairs apartments and two downstairs apartments. Pl.'s Ex. 2.

4. 6816 Avenue L, Houston, Texas 77011, one of the properties subject to forfeiture, is a residence occupied by Claimant's son, Alfredo Balli, Jr., and his family. Document No. 27.

5. Claimant has resided at 6807 Avenue K throughout the calendar years 2008, 2009, 2010, and 2011. *Id.*

6. Claimant is not charged with criminal activity.

7. According to the Harris County Appraisal District, the total appraised market value of the land and improvements located at 6810 Avenue L, Houston, Texas 77011 for taxable year 2012 is $58,879. Pl.'s Ex. 2.

8. According to the Harris County Appraisal District, the total appraised market value of the land and improvements located at 6816 Avenue L, Houston, Texas 77011 for taxable year 2012 is $65,020. Pl.'s Ex. 3.

9. On March 15, 2011, the United States filed a civil forfeiture complaint seeking to forfeit the real properties and improvements located at 6810 Avenue L and 6816 Avenue L in Houston, Texas. (Document 27-1).

10. The complaint alleges that the defendant properties are subject to forfeiture under 21 U.S.C. § 881(a)(7) as properties "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of [21 U.S.C. § 801, *et. seq.*] punishable by more than one year's imprisonment."

11. The felony violations of the Controlled Substances Act which give rise to the forfeiture of defendant properties are the felonies committed by Claimant's sons, Alfredo Balli, Jr. and Omar Rios, and grandson, Aaron Balli, in the related criminal case styled *United States v. Alfredo Balli, Jr., et. al.,* Criminal No. 4:11-cr-00184, pending before the Honorable Kenneth M. Hoyt, United States District Judge. Pl.'s Ex. 10, 11, 32, & 33. The sentencing of all defendants is reset to August 27, 2012.

12. Claimant and the Harris County taxing authorities filed claims and answers contesting the forfeiture action. (Documents 14, 14, 20, & 21).

13. The United States and the Harris County taxing authorities filed a stipulation whereby the United States acknowledged the interests of the Harris County taxing authorities in the defendant properties, and the Harris County taxing authorities agreed to the entry of a final order forfeiting the defendant properties to the United States. (Document 31).

14. Claimant claims that the defendant properties did not facilitate the commission of crimes under 21 U.S.C. § 881(a)(7). Additionally, she claims to be an innocent owner under 18 U.S.C. § 983(d), and she argues that any forfeiture of the defendant properties violates the Excessive Fines Clause of the Eighth Amendment.

15. On May 21, 2008, Gang Task Force Crime Reduction Unit (CRU) Officers went to the 6810 Avenue L apartments to investigate narcotics activity. Investigation led to the arrest of one suspect for evading arrest and city warrants, the arrest of another suspect for city warrants, and the recovery of 29 grams of marijuana in plain view, 3.8 grams of crack cocaine, and 5 electronic scales. Pl.'s Ex. 12.

16. On August 13, 2008, CRU Officers searched an abandoned 1994 Mercury Marquis, license plate number 391BFY, in the southwest corner of the south parking lot of the 6810 Avenue L apartments. Officers recovered drugs and firearms from the vehicle, including: 11 bottles of Promethazine weighing 6880 grams, 7 Xanax pills weighing 3 grams, powder cocaine weighing 65 grams, crack cocaine weighing 399 grams, 15 bags of marijuana weighing 3.3 ounces, and approximately ten (10) firearms, two of which Houston Police Department (HPD) identified as stolen. Pl.'s Ex. No. 13.

    According to the testimony during trial, the 3:30 a.m. search lasted three to four hours, involved ten officers with four to five marked police cars with LED lights flashing, and the police presence was "extremely obvious." Omar Rios's wife, Crystal Rios, came out of her house in response to the police activity and told the officers to leave her property.

17. On April 7, 2009, Narcotics Division Officers conducted a narcotics investigation at 6810 Avenue L that resulted in two arrests for carrying a weapon and theft of a laptop computer. Officers also recovered approximately 2.60 grams of marijuana. Pl.'s Ex. 14.

18. On October 6, 2009, Houston Police Narcotics Department Officers executed a search warrant at the 6810 Avenue L apartment building that led to the arrest of three suspects. While conducting the search, Officer C.W. Jones answered a telephone call made to one of the arrested suspect's cell phone. The male caller on the other end of the line told Officer Jones that he could see Officer Jones on his camera, that he had Officer Jones "on [his] scope," and threatened to inflict serious bodily injury on one of the officers at the location. The surveillance cameras at the 6810 Avenue L apartments had wires leading next door to Alfredo Balli, Jr.'s residence at 6816 Avenue L. Pl.'s Ex. 16.

19. Houston Police Department left a copy of the search warrant inside the vacant apartment they searched at 6810 Avenue L on October 6, 2009. *Id.*

20. On June 15, 2010, a DEA Cooperating Source (CS) purchased a .45 caliber handgun from Alfredo Balli, Jr. for $280.00 at the 6810 Avenue L apartment building. Balli walked from his residence at 6816 Avenue L to meet with the CS regarding the purchase of the .45 caliber handgun. After meeting with the CS, Alfredo Balli, Jr. walked through the back gate of the apartments and returned with the handgun. Alfredo Balli, Jr. then sold a .45 Caliber Springfield Armory pistol to the CS in a 6810 Avenue L apartment. Pl.'s Ex. 32B.

21. On July 1, 2010, the CS purchased 27.9 grams of cocaine, a Scheduled II controlled substance, and a .380 caliber Ruger pistol from Alfredo Balli, Jr. at the 6810 Avenue L

apartment building. The CS and Alfredo Balli, Jr. agreed to the sale of the cocaine for $1,000.00 and the pistol for $225.00. *Id.*

22. Based on the controlled purchases from Alfredo Balli, Jr. and past law enforcement activity, on July 8, 2010, Law Enforcement Agents executed simultaneous search warrants at Claimant's four properties: 6816 Avenue L, 6810 Avenue L, 6807 Avenue K, and 6815 Avenue K; Houston, TX 77011. Pl.'s Ex. 19.

23. On July 8, 2010, Law Enforcement Agents conducted a search in three of the four vacant apartments at 6810 Avenue L, Houston, TX 77011. Prior to securing the apartments, Task Force Officer Rodriguez left a copy of the search warrant in Apartments 1 and 2 along with a DEA-12 indicating the items seized. Pl.'s Ex. 19.

    In Apartment 1, Agents found approximately four grams of marijuana, and a marijuana bong with an attached gas mask. *Id.*

    In Apartment 2, Agents founds four bags of marijuana weighing a total of 185 grams, a half (.5) gram of cocaine, along with a canister with a screw off bottom, and two electronic scales. *Id.*

    HPD Officers searched Apartment 3 and recovered no evidence. No occupants were found in Apartments 1, 2, or 3. Additionally, no documents were found identifying any individuals who may occupy the apartments. Pl.'s Ex. 19; *Id.*

24. On July 8, 2010, Agents and Officers executed a search warrant at Alfredo Balli, Jr.'s residence at 6816 Avenue L, Houston, TX 77011, which led to the seizure of six firearms, a ballistic vest, surveillance cameras, a digital scale, three PVC pipes used to conceal drug proceeds, $200 of recovered government funds from the July 1, 2010 controlled purchase of cocaine, night vision cameras connected to a Swann hard drive, two canisters with screw-off bottoms, an electronic scale, and plastic baggies used exclusively to package cocaine (Alfredo Balli, Jr. told Officer baggies had no other use but for packaging cocaine). Pl.'s Ex. 20.

    Alfredo Balli, Jr., a convicted felon, admitted that he was aware the firearms were contained in his residence and that he was prohibited from possessing firearms.

    The cameras and hard drive were hooked up to a monitor in the living room/dining room. *Id.* The hard drive revealed four camera angles, which included the front of the residence at 6816 Avenue L to the street (Avenue L), which includes the gate entrance and driveway to the 6810 Avenue L apartment building. Pl.'s Ex. 43.

25. On July 8, 2010, Law Enforcement Officers executed a federal search warrant at 6815 Avenue K and recovered items, which include the following: (.4) grams of marijuana, a Mossberg, Model 500A, 12 GA caliber shotgun with 7 rounds of ammunition, a Glock, Model 17, 9mm caliber handgun with 8 rounds of ammunition, and $2,721.00 U.S. Currency. Pl.'s Ex. 23. Prior to securing the residence, SA Lumpkin left a copy of the

Federal Search Warrant along with a DEA-12 listing the items seized at the residence. Pl.'s Ex. 23.

26. On July 8, 2010, Law Enforcement Officers executed a federal search warrant at Claimant's residence at 6807 Avenue K that led to the arrest of Claimant's grandson, Aaron Balli, for Possession of a Controlled Substance with Intent to Distribute (PCSWID), and the recovery of 9.3 grams of crack cocaine, 5.5 grams of marijuana, and one Taurus 9mm pistol. Pl.'s Ex. 17; Pl.'s Ex. 21.

Claimant was present at the time the search warrant was executed at her home and she provided access to law enforcement personnel at the scene.

After the search of the property was completed, law enforcement personnel provided Claimant with a DEA form listing the seized items along with a copy of the search warrant.

27. Alfredo Balli, Jr. and Omar Rios were arrested pursuant to federal arrest warrants on March 10, 2011. At the time of his arrest, Alfredo Balli, Jr. was found in an apartment unit in 6810 Avenue L, and consent to search the unit resulted in the seizure of suspected cocaine, a stolen pistol, and Balli's vehicle. Pl.'s Ex. Nos. 30, 31, & 42.

28. On October 24, 2011, Alfredo Balli, Jr. pled guilty to Count One and Seven of the Indictment. Pl.'s Ex. 32. Relevant to the current case, Count One charged Alfredo Balli, Jr., Omar Rios, Aaron Balli, and Miguel Angel Lopez with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(C), 841(b)(1)(D), and 846 of the Controlled Substances Act. Pl.'s Ex. Nos. 11 and 32B.

29. On March 5, 2012, Omar Rios pled guilty to Count Two of the Indictment. Pl.'s Ex. 33. Count Two charged Omar Rios with Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. Pl.'s Ex. 33.

30. Alfredo Balli, Jr.'s and Omar Rios's pleas of guilty were supported by facts detailing the drug trafficking activities they committed at the 6810 Avenue L apartments from on or about May 21, 2008, through on or about July 8, 2010. Pl.'s Ex. Nos. 32A and 32B.

31. On April 2, 2012, Claimant's grandson, Aaron Balli, who lived with Claimant at 6807 Avenue K, Houston, Texas, pled guilty to possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) of the Controlled Substances Act. Pl.'s Ex. Nos. 11 and 44. The incident to which Aaron Balli pled guilty concerned the sale of crack cocaine on May 25, 2010, at the apartments located at 6810 Avenue L, Houston, Texas. Pl.'s Ex. Nos. 11, 26.

32. During the execution of the search warrant at 6807 Avenue K on July 8, 2010, DEA Senior Civil Investigator Elizabeth Wigginton interviewed Claimant relative to her

5

sources of income and whether Claimant receives money from Alfredo Balli, Jr.'s drug sales. Pl.'s Ex. 24.

33. As the evidence presented at trial confirms, credits to Claimant's bank account experienced a drastic change after Law Enforcement Officers executed a search warrant at Claimant's four properties on July 8, 2010.

   Credits to Claimant's bank account for June-November 2009 are as follows: June, $2,165; July, $2,258; August, $2,860; September, $3,490; October, $2,280; and November, $3,115. Pl.'s Ex. 39.

   Credits to Claimant's bank account for June-November 2010 are as follows: June, $2,360; July, $320; August, $300; September, $170; October, $630; and November, $655. Pl.'s Ex. 40.

34. Claimant has no evidence she or anyone acting on her behalf contacted law enforcement personnel regarding any of the activities on the premises of 6816 Avenue L during all or part of the calendar years 2008, 2009, and 2010. Pl.'s Ex. Nos. 34, ¶15 & 35, ¶15.

35. Claimant has no evidence she or anyone acting on her behalf contacted law enforcement personnel regarding any of the activities on the premises of 6810 Avenue L during all or part of the calendar years 2008, 2009, and 2010. Pl.'s Ex. Nos. 34, ¶14 & 35, ¶14.

36. Claimant has no evidence showing she had any communications with any residents of 6810 Avenue L regarding illegal activity on the property during all or part of the calendar years 2008, 2009, and 2010. Pl.'s Ex. Nos. 34, ¶17 & 35, ¶17.

37. Claimant has no evidence showing she had any communications with Alfredo Balli, Jr. or his wife Sylvia Garcia Balli concerning illegal activity at 6816 Avenue L during all or part of the Calendar years 2008, 2009, and 2010. Pl.'s Ex. Nos. 34 ¶16 & 35 ¶16.

38. Claimant did not have a written lease or rental agreement with any persons living on the premises of 6810 Avenue L during all or part of the calendar years 2008, 2009, and 2010. Pl.'s Ex. Nos. 34 ¶12 & 35 ¶12.

39. Claimant's sole source of income during calendar years 2008, 2009, and 2010 consisted of alleged rent money Alfredo Balli, Jr. gave Claimant, income from child care services she provided to her grandchildren, and income from the sale of used clothes. Pl.'s Ex. Nos. 24, 36-40.

40. On or about October 23, 1998, Claimant's husband, Ismael Rios-Diaz, was arrested for possession with the intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). Pl.'s Ex. 8. As the testimony at trial revealed, Claimant was with her husband at the time of his arrest with 2 kilograms of cocaine at her feet.

Claimant's testimony that she had no knowledge of her husband's drug trafficking activities or the presence of the cocaine in the car at the time of his arrest was not credible.

41. On October 11, 2004, Alfredo Balli, Jr. was convicted of Aggravated Assault, a felony offense, in the 180th District Court, Cause Number 958753, a crime which was punishable for a term exceeding one year, and for which he was sentenced to three (3) years confinement. The victims of Balli's Aggravated Assault conviction were two individuals who did a drive-by shooting of Balli's 6816 Avenue L residence and almost struck Balli's children who were present. Balli pursued the individuals, crashed his brown Ford pick-up into the subject's vehicle, and shot into the subject's vehicle wounding both occupants. Pl.'s Ex. 30 ¶10.

42. As testimony at trial revealed, HPD made arrests at the 6810 Avenue L apartments on more than six occasions during the calendar years 2008, 2009, and 2010.

43. 6810 Avenue L was the primary location where Claimant's sons and grandson conducted their drug trafficking.

44. Claimant claims she had no knowledge of the illegal activity on the defendant properties, and that she was reasonable to believe her son primarily worked as a mechanic in Claimant's driveway as his place of business.

45. Claimant contends that Alfredo Balli, Jr. managed the 6810 Avenue L apartments and collected rent from the occupants.

46. Claimant alleges that she never went to the defendant properties during the calendar years 2008, 2009, and 2010, because she was too busy and that Alfredo Balli, Jr. managed the defendant properties.

47. Claimant claims that, to her knowledge, all of the money Alfredo Balli, Jr. gave her was money he earned as a mechanic and collecting rent from occupants at the 6810 Avenue L apartments.

48. Claimant claims that her sons and grandson lied about their income and made efforts to conceal their criminal activity from her. Claimant asserts she was reasonable in believing her sons' and grandson's lies, and that she was reasonable not to suspect criminal activity on the defendant properties.

49. Claimant testified at trial that she and her son, Alfredo Balli, Jr., went to Munday Chevrolet to purchase a vehicle for Alfredo Balli, Jr.'s wife. Claimant lied on the loan application to get the vehicle. Pl.'s Ex. 24 ¶11. Claimant falsely stated on the loan application that she was employed by Balli Shop and earned $4,800 per month. Pl.'s Ex. 24.

50. Testimony and evidence from trial show that both law enforcement and neighbors were aware of illegal activity at 6810 Avenue L and that the property was one of the most known drug trafficking locations in East Houston.

51. Claimant was aware surveillance cameras were installed at 6816 Avenue L. Claimant offers no evidence to show the cameras had a legitimate use.

52. Claimant's claim that she had no reason to suspect the money Alfredo Balli, Jr. gave her was money from drug sales is not credible given the drastic change in pattern to Claimant's bank deposits after the July 8, 2010 federal search warrants at Claimant's properties were executed. Credits to Claimant's bank account were drastically less after the July 8, 2010 search warrants at Claimant's properties were executed.

53. Given the close proximity of Claimant's residence and the defendant properties and Claimant's daily interaction with her family who lived on her properties, Claimant's claims that she neither had knowledge nor was willfully blind to the drug trafficking on the defendant properties is not credible.

54. Contrary to her claims, Claimant had reason to suspect criminal activity on her properties based on past criminal activity in her family. Claimant had knowledge of her husband's, Ismael Diaz Rios's, 1998 arrest and conviction for possession of more than 500 grams of cocaine with the intent to distribute.

    At the time of Claimant's husband's arrest in 1998, Claimant was with her husband in the passenger seat of his vehicle with 2 kilograms of cocaine at her feet. Claimant claimed to have no knowledge that there were 2 kilograms of cocaine in the vehicle. Claimant is not credible in claiming again that she had no knowledge of illegal activity at the defendant properties.

    Additionally, Claimant knew or should have known of Alfredo Balli, Jr.'s three-year prison sentence in 2004, and of the drive-by shooting at the 6816 Avenue L residence where Claimant's grandchildren who were present were almost shot.

55. Claimant's claim that she was completely unaware of criminal activity on her properties is not credible: Claimant did not act surprised when Law Enforcement Officers executed a search warrant at her 6807 Avenue K residence. The police activity on August 13, 2008 was obvious enough for Crystal Rios to notice and investigate. The apartments at 6810 Avenue L showed no signs of usual occupant activity such as food, dishes, or clothing.

56. Claimant claims that she is afraid of firearms and does not want them in the house but police found firearms in her house after her husband's arrest in 1998, and again during the execution of the search warrant on July 8, 2010. This further supports the conclusion that Claimant's statements and her testimony at trial are not credible.

57. Claimant's claim that she was too busy to walk through the back gate at her property to visit her other properties on the other side of the gate is not credible given that Claimant

8

made several trips to Mexico in 2008-2010 and drove her grandchildren, who lived at the 6816 residence, to school everyday.

58. Claimant does not offer any exhibits to support her defense. Instead, Claimant relies on her credibility alone to show she is an innocent owner under 18 U.S.C. § 983(d).

59. Claimant is not credible: Claimant lied about her income and place of business to a car dealership to get an SUV for her daughter-in-law. Claimant also testified that she is afraid of firearms and does not want them in the house but police found firearms in her house after her husband's arrest in 1998, and again during the execution of the search warrant on July 8, 2010. Additionally, Claimant testified falsely that Alfredo Balli, Jr. was gainfully employed as a mechanic in Claimant's driveway. Alfredo Balli, Jr. had very few tools at his alleged "shop" in Claimant's driveway, and Claimant offers no evidence of any mechanic work Alfredo Balli, Jr. ever did in her driveway.

## Conclusions of Law

1. Under 21 U.S.C. § 881(a)(7), all real property which is used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, a violation of the Controlled Substances Act under 21 U.S.C. § 801, *et seq.* shall be subject to forfeiture to the United States and no property right shall exist in them.

2. For the defendant property to be forfeitable under 21 U.S.C. § 881(a)(7), the United States must establish by a preponderance of the evidence that: (1) there was a violation of 21 U.S.C. § 801, *et seq.* which was punishable by more than one year's imprisonment; (2) the real property, including any appurtenances or improvements thereon, was used or intended to be used in any manner or part to commit or to facilitate the commission of the violation; (3) there was a substantial connection between the property to be forfeited and the violation. *See* 18 U.S.C. §983(c)(3).

3. The United States has the burden of establishing that the defendant property is forfeitable by a preponderance of the evidence. 18 U.S.C. § 983(c)(1).

4. Once the United States establishes that the defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(7), a claimant may raise the "innocent owner" defense under 18 U.S.C. § 983(d), arguing that she had no actual knowledge of the illegal activity on her property.

5. Under 18 U.S.C. § 983(d)(1), "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute."

6. To establish that she is an innocent owner under 18 U.S.C. § 983(d)(2), Claimant must show that she either: (1) had no knowledge of the criminal activity; or (2) upon learning of the conduct giving rise the forfeiture, did all that could reasonably be expected to terminate such use of the property.

7. Willful blindness to illegal activity is equivalent to knowledge of the illegal activity under 18 U.S.C. § 983(d)(2)(A)(i), and precludes a claimant's "innocent owner" defense. *United States v. Peterson*, 244 F.3d 385, 395 (5th Cir. 2001).

8. Under 18 U.S.C. § 983(d)(2)(A)(ii), if an individual who claims to have no actual knowledge of the illegal activity giving rise to the forfeiture becomes aware of the criminal conduct, to qualify as an innocent owner she must establish by a preponderance of the evidence that upon learning of the conduct giving rise to the forfeiture she took all possible steps to prevent the activity.

9. The claimant has the burden of proving that she is an innocent owner under 18 U.S.C. § 983(d)(2) by a preponderance of the evidence. 18 U.S.C. § 983(d)(1).

10. A claimant may "petition the court to determine whether the forfeiture was constitutionally excessive." 18 U.S.C. § 983(g)(1). To make this determination, "the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture." 18 U.S.C. § 983(g)(2).

11. Under 18 U.S.C. § 983(g)(4), "[i]f the court finds that the forfeiture is grossly disproportional to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution." *Id.*

12. Claimant has the burden of proving by a preponderance of the evidence "that the forfeiture is grossly disproportional." 18 U.S.C. § 983(g)(3).

13. The United States has met its burden to prove by a preponderance of the evidence that the defendant properties are forfeitable under 21 U.S.C. § 881(a)(7).

14. The evidence presented at trial established by a preponderance of the evidence the first element of 21 U.S.C. §881(a)(7): that there was a violation of the Controlled Substances Act.

15. The United States needs only to establish by a preponderance of the evidence a single felony violation of the Controlled Substances Act; the evidence at trial established multiple felony violations of the Controlled Substances Act by Claimant's sons and grandson at the defendant properties. For example, Alfredo Balli, Jr.'s plea of guilty to the charge of conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(C), 841(b)(1)(D), and 846 of the Controlled Substance Act, concerns his drug trafficking activities at the 6810 Avenue L apartments. Pl.'s Ex. Nos. 11 & 32B.

16. The United States established by a preponderance of the evidence the second element of 21 U.S.C. §881(a)(7): that the defendant property was used in any manner or part to commit or to facilitate the commission of the violation.

17. The broad plain language of subsection 881(a)(7), "any manner or part" indicates Congress intended the statute to be broadly interpreted. *See United States v. Littlefield*, 821 F.2d 1365, 1367 (9th Cir. 1987) ("By specifying that property is subject to forfeiture if it was used 'in any manner or part' to commit or facilitate a drug offense, Congress plainly provided for forfeiture of property even when only a portion of it was used for the prohibited purposes.").

18. In *United States v. Juluke*, 426 F.3d 323 (5th Cir. 2005), the Fifth Circuit affirmed the forfeiture of Defendant Juluke's property when Juluke "stored [heroin] in his car, parked in the driveway, for only a brief period" and never took the heroin in to his house. *Id.*, 426 F.3d at 326.[1] The Fifth Circuit held:

   > "[T]he district court could reasonably conclude, based on the presence of heroin on the property and the presence in the home of loaded weapons and large amounts of unexplained cash, that Juluke used the property as a place to store and protect narcotics (and proceeds thereof), including the heroin with which he was arrested, thereby facilitating his illegal activity."

19. The United States has established by a preponderance of the evidence, with respect to the 6810 Avenue L apartments, the third element of 21 U.S.C. § 881(a)(7): that there was a substantial connection between the property to be forfeited and the violation. Alfredo Balli, Jr. used the 6810 Avenue L apartments as a narcotics manufacturing and distribution center.

20. The United States has established by a preponderance of the evidence, with respect to the 6816 Avenue L residence, the third element of 21 U.S.C. § 881(a)(7): that there was a substantial connection between the property to be forfeited and the violation. Alfredo Balli, Jr. used his 6816 Avenue L residence as headquarters for his narcotics operation.

21. Claimant has failed to show by a preponderance of the evidence that she is an "innocent owner" under 18 U.S.C. 983(d)(2).

22. Claimant's "actual knowledge" of the illegal activities giving rise to forfeiture of the defendant properties is proven by inference from the evidence presented at trial showing the defendant properties' notorious involvement with drug trafficking at the time Claimant owned and received rent from the defendant properties. *See United States v. One 1988 Checolet 410 Turbo Prop Aircraft, Dominican Republic Registration Tail No. H1698CT*, 282 F. Supp. 2d 1379, 1383 (S.D. Fla. 2003) ("'actual knowledge' may be proven by inference from circumstantial evidence suggesting a high probability of a property's involvement with drug trafficking, and that a property owner may not 'turn a blind eye' toward such evidence and still claim 'innocent owner' status under CAFRA").

---

[1] The forfeiture of Juluke's residence was ordered forfeited to the United States under 21 U.S.C. § 853(a)(2), which renders forfeiture of property "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a felony violation of the Controlled Substances Act. Subsection 853(a)(2) is worded similarly to 21 U.S.C. § 881(a)(7).

23. The Fifth Circuit has held that jury instruction on willful blindness is proper "where the evidence shows (1) subjective awareness of a high probability of the existence of illegal conduct, and (2) purposeful contrivance to avoid learning of the illegal conduct." *United States v. Threadgill*, 172 F.3d 357, 368 (5th Cir. 1999), *cert. denied*, 528 U.S. 871, 120 S.Ct. 172, 145 L.Ed.2d 146 (1999). In determining whether the evidence supports the charge, the evidence and all reasonable inferences that may be drawn from it are viewed in the light most favorable to the government. *United States v. Freeman*, 434 F.3d 369, 378 (5th Cir. 2005); *See United States v. Sharpe*, 193 F.3d 852, 871 (5th Cir. 1999).

24. The Fifth Circuit approved the following jury instruction on willful blindness:

> "You may find that the defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him...[K]nowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact." *Threadgill*, 172 F.3d 357 (5th Cir. 1999); Fifth Circuit Pattern Crim. Jury Instr. 1.37 (2001).

25. As a criminal case, *Threadgill* may be distinguished from the current civil proceedings; however, the Fifth Circuit's instruction on willful blindness has been applied in the civil forfeiture context. *See United States v. 1977 Porsche Carrera 911*, 748 F.Supp. 1180, 1185 (W.D. Tex. 1990). In *United States v. 1977 Porsche Carrera 911*, the Western District of Texas court held that for the claimant to prove he was an "innocent owner," and thus prevent his vehicle from seizure, the claimant must establish by a preponderance of the evidence that he had "no knowledge and was not willfully blind to the fact that property was used to facilitate illegal activity." *Id.*

26. Testimony and evidence at trial show that both law enforcement and neighbors were aware of illegal activity at the 6810 Avenue L apartments and that the property was one of the most known drug trafficking locations in East Houston

27. It can be inferred that Claimant deliberately blinded herself to the drug trafficking on her property based on the facts that Alfredo Balli, Jr. and his co-conspirators failed in their efforts to hide their activity from law enforcement and the surrounding community while Claimant collected rent from the defendant properties and lived in an adjoining residence.

28. Claimant received notice of illegal activity at 6810 Avenue L when HPD left a search warrant at the property on October 6, 2009. Claimant avoided learning of the notice by avoiding the 6810 Avenue L premises.

29. Claimant was put on actual Notice of the criminal activity giving rise to forfeiture on July 8, 2010, when Law Enforcement Agents executed a search and seizure warrant on all four of Claimant's properties and asked Claimant questions regarding money received from Alfredo Balli, Jr.'s drug sales. Nonetheless, Claimant took no action to prevent the illegal activity on her property from occurring and on March 10, 2011, HPD found Alfredo Balli, Jr. in an apartment on Claimant's property at 6810 Avenue L with a stolen gun and suspected cocaine. Pl.'s Ex. 30.

30. Claimant offered no evidence to show she made any effort to prevent the illegal activity on the defendant properties before or after she received actual notice when law enforcement executed a search warrant at her 6807 Avenue K residence on July 8, 2010. On March 10, 2011, HPD found Alfredo Balli, Jr. in an apartment at 6810 Avenue L with a stolen firearm and suspected cocaine. Pl.'s Ex. 30.

31. Claimant failed to offer evidence that she ever told any residents of the 6810 Avenue L apartments to leave due to illegal activity occurring on the premises.

32. Claimant failed to offer evidence that she ever told Alfredo Balli, Jr. to leave 6816 Avenue L due to illegal activity occurring on the premises.

33. Claimant failed to offer evidence that she ever contacted law enforcement personnel regarding any of the activities on the premises of the defendant properties during all or part of the calendar years 2008, 2009, and 2010. Pl.'s Ex. Nos. 34, ¶¶14-15 & 35, ¶¶14-15.

34. Claimant has failed in her burden to prove by a preponderance of the evidence that the forfeiture of the defendant properties is grossly disproportional to the illegal activities giving rise to forfeiture.

35. In determining whether the forfeiture of the defendant properties is grossly disproportional to the illegal activities giving rise to forfeiture, the court compares the forfeiture of the 6810 Avenue L apartments and the 6816 Avenue L residence to the gravity of the multiple felony offenses Claimant's sons and grandson committed. 18 U.S.C. § 983(g)(2).

    The evidence presented at trial established that the forfeiture of the defendant properties is not grossly disproportional. The gravity of the offenses giving rise to forfeiture include: multiple accounts of drug and firearm trafficking at the 6810 Avenue L apartments, Alfredo Balli, Jr. (a convicted felon) possessing six firearms at his 6816 Avenue L residence, the 2004 drive-by shooting at the 6816 Avenue L residence while Alfredo Balli, Jr.'s children were present, and the violent threats made to law enforcement from the 6816 Avenue L residence Pl.'s Ex. 32.

36. Claimant does not offer any exhibits to support her defense. Instead, Claimant relies on her credibility alone to show she is an innocent owner under 18 U.S.C. § 983(d).

37. Claimant is not credible: Claimant lied about her income and place of business to a car dealership to get an SUV for her daughter-in-law. Claimant also testified that she is afraid of firearms and does not want them in the house but police found firearms in her house after her husband's arrest in 1998, and again during the execution of the search warrant on July 8, 2010. Additionally, Claimant testified falsely that Alfredo Balli, Jr. was gainfully employed as a mechanic in Claimant's driveway. Alfredo Balli, Jr. had very few tools at his alleged "shop" in Claimant's driveway, and Claimant offers no evidence of any mechanic work Alfredo Balli, Jr. ever did in her driveway.

38. The forfeiture does not violate the Excessive Fines Clause of the Eighth Amendment of the Constitution.

39. Plaintiff does not contest the claim filed by the Harris County taxing authorities.

40. All right, title, and interest in the 6810 Avenue L and 6816 Avenue L properties are forfeited to the United States of America under 21 U.S.C. § 881(a)(7) subject only to the claim of the Harris County taxing authorities

Any of the foregoing conclusions of law constituting findings of fact are hereby adopted as such and any of the foregoing findings of fact constituting conclusions of law are also hereby adopted as such.

Plaintiff shall, within 21 days after the entry of this order provide the Court with a proposed final judgment that is consistent with the foregoing Findings of Fact and Conclusions of Law and consistent with the stipulation entered between Plaintiff and the taxing authorities.

Signed at Houston, Texas, this 6TH day of July, 2012.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE